QUESTIONS: 1. Must a municipality adhere to a particular regional planning council area, under Ch. 160, F. S., or may it join a regional planning council for any area it chooses? 2. May a municipality refrain from being included in any regional planning council?
SUMMARY: Only one regional planning council may be created pursuant to Ch. 160, F. S., within a geographical area. Municipalities located within that area desiring to join a regional planning council may join only the council created in their area. A municipality may refrain from joining or participating in any regional planning council but must complete by July 1, 1979, a comprehensive growth plan under Ch. 75-257, Laws of Florida. AS TO QUESTION 1: Section 160.01(1), F. S., reads in part: (1) Any two or more counties and municipalities are hereby authorized and empowered to create and establish a regional planning council . . . . (Emphasis supplied.) This authorization is to create a planning council. Therefore, in my opinion, "a" is used here to mean "one." In reference to "a," 1 Words and Phrases 4 reads: "It [a] is placed before nouns of the singular number, denoting an individual object, or quantity individualized." In s. 160.01(1), F. S., "regional planning council" is singular in number. My interpretation, therefore, is that only one regional planning council is authorized within a given region. "Region" is defined in 36A Words and Phrases 226, as "neighborhood, vicinity, district, quarter, or ward." The words of a statute "should be construed in their plain and ordinary sense." 30 Fla. Jur. Statutes s. 87. "Neighborhood" is defined in 28 Words and Phrases (74 Cumulative Supp., p. 68) as "nearness" and "connotes congeries of local interests arising from problems confined to a limited area as distinguished from matters in which every citizen in state has common concern." In my opinion, a reading of s. 160.01(1), F. S., with these definitions dictates the conclusion that only one council may exist within a reasonably restricted geographical area. Aside from the technical argument, this also produces a very practical result — and one that was obviously intended by the Legislature. Since the council's function is advisory [s. 160.02(10), F. S.], the confusion and uncertainty that would be generated by fragmenting and overlapping regional planning between several councils is immediately apparent. Such fragmentation or overlapping would effectively defeat the intent of the statute which is to provide coordination of growth planning by governing bodies within the entire area for the future. AS TO QUESTION 2: Section 160.01(1), F. S., is permissive in nature as is indicated by its use of the terms "authorized and empowered." It contains no requirement that mandates that a municipality join such an organization. Question 2 is therefore answered in the affirmative. It should not be overlooked that all cities and counties must comply with the requirements of the Local Government Comprehensive Planning Act of 1975, Ch. 75-257, Laws of Florida, by designating on or before July 1, 1976, a "local planning agency" to develop a comprehensive growth plan on or before July 1, 1979. As interpreted by the Division of State Planning, a regional planning council created pursuant to Ch. 160, supra, may be designated as its "local planning agency" by a local governing body; however, as noted in AGO 075-280, the "growth plan" required to be adopted by 1979 under Ch. 75-257 must be prepared in accordance with the substantive and procedural requirements of that act.